**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| XING NIEN,<br><br>                    Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 08-74996<br><br>Agency No. A079-632-934<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN , and LEAVY, Circuit Judges.

Xing Nien, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from the

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that, even if credible, Nien failed to establish his receipt of a government summons and his encounter with the police constitute past persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019-21 (9th Cir. 2006) (brief detention, beating and interrogation by police did not compel a finding of past persecution by Chinese police). Substantial evidence also supports the agency's finding that Nien failed to establish an objectively reasonable fear of future persecution on account of his religion. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003); *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (petitioner must provide credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution). The court lacks jurisdiction to consider Nien's claim that he is eligible for asylum and withholding of removal on account of his smuggling activities because, to the BIA, Nien only raised the smuggling issue with respect to his CAT claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Accordingly, his asylum and withholding of removal claims fail.

08-74996

Lastly, substantial evidence supports the agency's finding that Nien has failed to establish a clear probability of torture by or with the acquiescence of the Chinese government if he returns to China. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (petitioner did not offer evidence that he was likely to be tortured).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.